NOT FOR PUBLICATION

| |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) |
| In Re: GUILLERMO D. BARRIAL,<br>       Debtor. |
| Guillermo D. Barrial,<br>       Plaintiff,<br>   v.<br>U.S. Bank National Association, As Trustee for the CMLTI Asset-Backed Pass-Through Certificates, Series 2007-AMC3,<br>       Defendant. |

Case No. 18-11107 (MBK)

Chapter 13

Adv. Pro. No. 22-01138 (MBK)

**Joseph M. Shapiro, Esq.**
Middlebrooks Shapiro, P.C.
841 Mountain Avenue
First Floor
Springfield, NJ 07081
*Counsel for Plaintiff*

**Michelle H. Badolato, Esq.**
Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002-2223
*Counsel for Defendant*

**MEMORANDUM DECISION**

This matter comes before the Court upon the Motion to Dismiss (ECF No. 15, the "Motion") filed by U.S. Bank National Association, As Trustee for the CMLTI Asset-BackedPass-Through Certificates, Series 2007-AMC3 ("U.S. Bank as Trustee") and PHH Mortgage Corporation as successor to Ocwen Loan Servicing, LLC ("PHH" and collectively "Defendants").

The Motion requests dismissal of the Adversary Complaint filed by Plaintiff-Debtor, Guillermo D. Barrial ("Debtor"), which seeks to reduce PHH's claim in Debtor's underlying bankruptcy proceeding, Case No. 18-11107. The Court has considered the parties' submissions, as well as the arguments set forth on the record during the hearing on October 12, 2022. For the reasons expressed below, the Court GRANTS the Motion and dismisses the Complaint with prejudice.

### I.   Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and § 1409.

### II.   Background and Procedural History

The parties are familiar with the factual history of this case and the Court will not repeat it in detail here. In brief, Debtor obtained a loan ("Loan") in 2006 that is secured by a Mortgage ("Mortgage") on the Debtor's property located at 25 Yorkshire Place, Parlin, New Jersey 08859 (the "Property"). PHH, as successor to Ocwen Loan Servicing LLC ("Ocwen"), currently services the Loan. In 2015, Debtor and Ocwen agreed to modify the Loan. Under the terms of the modified agreement, Ocwen set a new principal balance and deferred a portion of that new balance. The parties also agreed, among other things, to a "Forgiveness Provision." Under this Forgiveness Provision, Ocwen agreed to periodically reduce the deferred balance so long as Debtor was not in

default. Initially, Debtor made the requisite payments and Ocwen reduced the balance. However, in April 2016, Debtor failed to make payments and, instead, filed for bankruptcy under chapter 13.

In October 2018, this Court confirmed a chapter 13 Plan ("Plan") that proposed to cure the default to Ocwen and to maintain payments to Ocwen over the life of the Plan. Debtor has made nearly all Plan payments and, by way of the Adversary Complaint, now seeks entry of a judgment directing Defendants to comply with terms of their modified loan agreement. Specifically, Debtor argues that the prepetition default has been cured under the Plan; therefore, the balance of the Loan should be reduced in accordance with the Forgiveness Provision. Defendants oppose the motion, arguing that: (1) Debtor's claim is premature as he has not cured the pre-petition mortgage arrears in full; (2) Debtor's confirmed plan did not specify that the cure would reinstate the Forgiveness Provision, and any ambiguity should be construed against the Debtor; and (3) reinstatement of the Forgiveness Provision would be an improper modification of Defendants' claim in violation of §1322(b)(2) of the Bankruptcy Code.

### III. Discussion

**A. Standard for a Motion to Dismiss Under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, a motion to dismiss may be granted if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d

3

868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

### B. Analysis

In their pleadings and during oral argument, the parties focus on principles of equity and the applicability of the Forgiveness Provision.  However, at the hearing on this matter, this Court queried whether res judicata governed the issue.  Specifically, this Court pointed to Defendants' proof of claim filed in the bankruptcy case, which showed an arrearage figure and listed the full amount that needed to be cured.  Debtor did not object to the calculation or amount of that proof of claim and the Plan was subsequently confirmed based on those figures.  Moreover, neither the Plan nor the order confirming same made any reference to reinstating the Debtor's rights under the Forgiveness Provision, or reducing the filed claim in any respect.

Section 1327(a) of the Bankruptcy Code provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan."  It is well-established in the Third Circuit that—under § 1327(a)—a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation. *See Zardinovsky v. Arctic Glacier Income Fund* (*In re Arctic Glacier Int'l, Inc.*), 901 F.3d 162, 166 (3d Cir. 2018); *Donaldson v. Bernstein*, 104 F.3d 547, 554 (3d Cir. 1997); *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989).

Here, the amount owed to Defendants is controlled by the confirmed Chapter 13 Plan. The Confirmation Order is res judicata as to the amount of Defendants' claim. Accordingly, Debtor may not seek to modify that amount by way of the instant Adversary Proceeding. Because the Adversary Complaint fails to state a claim upon which relief can be granted, dismissal is appropriate under Rule 12(b)(6). And because Court determines that res judicata is dispositive as to relief sought in the Adversary Complaint, it declines to address any remaining arguments.

IV.     Conclusion

For the aforementioned reasons, the Defendants' Motion is GRANTED. The Court will enter an appropriate Order.

*Michael B. Kaplan*
Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Dated: November 3, 2022